UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WILLIAMS,<br><br>        Plaintiff,<br><br>  v.<br><br>FRANK DILLARD and THE TULARE COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>        Defendants. | 1:03-CV-5459  OWW LJO<br><br>MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION FOR LEAVE TO FILE A LATE APPEAL AND MOTION FOR RELIEF FROM JUDGMENT. |

## I.  INTRODUCTION

Charles Williams ("Williams" or "Plaintiff") moves for leave to file a late appeal, pursuant to Fed. R. App. P. 4(a)(6). (Doc. 38, Motion at 1:22-23, 2:13-20).  Plaintiff also moves for relief from judgment of the district court's order granting Defendants' motion for summary judgment ("Order"), pursuant to Fed. R. Civ. P. 60(b).  (Doc. 36).  Frank Dillard ("Dillard") and the Tulare County Sheriff's Department (collectively, "Defendants") do not respond.

//
//
//

1

## II.   **PROCEDURAL HISTORY**

Plaintiff filed a Complaint against Defendants on April 15, 2003, arising from an incident involving Defendant Dillard and Plaintiff's possible parole violation. (Doc. 1). Plaintiff filed his First Amended Complaint on May 21, 2003, alleging (1) false imprisonment, (2) abuse of authority under the color of law (3) cruel and unusual punishment, and (4) unreasonable search and seizure. (Doc. 8 at 8). Defendants moved for summary judgment on August 16, 2004. (Doc. 32). Plaintiff responded on August 25, 2004. (Doc. 34). An Order granting summary judgment was entered on November 3, 2004. (Doc. 36, Order). The Order was served on Plaintiff on November 3, 2004. (*Id.* at Certificate of Service).

Plaintiff now moves for leave to file a late appeal pursuant to 28 U.S.C. § 636(c). (Doc. 38, Motion at 1:22-23). Section 636(c), however, discusses the jurisdiction and role of magistrate judges within the court system, not the grounds or justification to file a late appeal to an order issued by a district judge. *See* 28 U.S.C. § 636(c). Plaintiff further argues that Fed. R. App. P. 5.1 "provides that '[a]n appeal on petition for leave to appeal is not a matter of right but[] its allowance is a matter of sound judicial desecration [sic].'" (Doc. 38, Motion at 2:13-20). Rule 5.1, however, has been abrogated. Fed. R. App. P. 5.1. Even if Rule 5.1 had not been abrogated, it still would not apply to the case at bar because it relates to orders entered by magistrate judges under 28 U.S.C. § 636(c)(5). *Id.* Nonetheless, the Federal Courts Improvement Act of 1996 abolished appeals by permission under 28 U.S.C. §

**2**

636(c)(5), making Rule 5.1 obsolete. *Id.*

Plaintiff appears instead to request to reopen the time to file his appeal under Fed. R. App. P. 4(a)(6). As such, Plaintiff's Motion will be reviewed under the standards set forth therein. Additionally, construing Plaintiff's Motion liberally, it appears that Plaintiff also moves for relief from the Order under Fed. R. Civ. P. 60(b). (*See* Doc. 38, Motion at 1:19-21). Plaintiff's Motion will therefore also be reviewed under the Fed. R. Civ. P. 60(b) standard.

### III.   STANDARD OF REVIEW

#### 1.   Reopening the Time to File an Appeal.

Under Fed. R. App. P. 4(a)(6), a district court may reopen the time to file an appeal if the following conditions are satisfied:

> (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
>
> (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

#### 2.   Relief from Judgment or Order.

Courts may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, or excusable neglect; (2) newly discovered material evidence which

3

by due diligence could not have been discovered earlier; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) judgment is void; (5) judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b).  Clause 60(b)(6) "is reserved for extraordinary circumstances."  *LaFarge Conseils et Etudes, S.A. v. Kaiser Cement*, 791 F.2d 1334, 1338 (9th Cir. 1986) (internal quotations and citations omitted).  Motions for relief from judgment or order under Rule 60(b) are committed to the discretion of the trial court.  *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).

### IV.    LEGAL ANALYSIS

**1.    Reopening the Time to File an Appeal.**

Fed. R. App. P. 4(a)(1)(A) requires that a notice of appeal be filed "within 30 days after the judgment or order appealed from is entered."  Plaintiff failed to submit a notice of appeal within thirty days after judgment was entered, and now moves for leave to file a late appeal.  Fed. R. App. P. 4(a)(6)(A) requires that a motion for leave to file a late appeal be "filed within 7 days after the moving party receives notice of the entry...."  The Order granting Defendants' motion for summary judgment was entered and served on Plaintiff on November 3, 2004.  (Doc. 36, Order; *id.* at Certificate of Service).  Plaintiff now moves for leave to file a late appeal 117 days after the Order was entered and served on him.  (*See* Doc. 38, Motion).  Plaintiff does not assert that he failed to receive notice of the Order.  (*See* Doc.

**4**

38, Motion).

Plaintiff's Motion for leave to file late appeal is untimely.  Because Plaintiff does not assert that he failed to receive notice of the Order, the seven day filing period set forth in Fed. R. App. P. 4(a)(6)(A) began running on November 3, 2004, the day Plaintiff received notice of entry of the Order. Time to file an appeal therefore expired on November 10, 2004–- over three months before Plaintiff submitted his Motion.  Even if Plaintiff did not receive notice of the Order until several days after November, 3, 2004, Plaintiff's motion would still be untimely.  Because his Motion is untimely, and no sufficient ground for extension is offered, the district court cannot extend the time for Plaintiff to file an appeal pursuant to Fed. R. App. P. 4(a)(6).  Plaintiff's Motion for leave to file a late appeal is **DENIED**.

### 2. **Relief from Judgment or Order.**

Plaintiff also appears to be arguing for relief from the summary judgment Order on the basis of mistake, inadvertence, and excusable neglect under Fed. R. Civ. P. 60(b)(1).  Plaintiff asserts that his ignorance of "the 35 day time limit to file appeal and application for certificate of appealability" constitutes "inadvertence[,] excusable neglect, and mistake...." (Doc. 38, Motion at 1:19-21).[1]  Alternatively, Plaintiff appears

---

[1] Fed. R. App. P. 4(a)(1)(A) actually requires that a notice of appeal be filed "within 30 days after the judgment or order appealed from is entered," not thirty-five days as asserted by Plaintiff.

5

to assert that the Court mistakenly overlooked issues of triable fact set forth in his First Amended Complaint and his response to Defendants' motion for summary judgment.  As such, only the standards set forth in Fed. R. Civ. P. 60(b)(1) will be applied.

Fed. R. Civ. P. 60(b)(1) entitles a party to relief from an order if the party sufficiently alleges mistake, inadvertence, or excusable neglect.  "While Rule 60(b)(1) does not expressly say that a showing must be made that the...order...*was entered because of mistake, inadvertance, [] or excusable neglect*, it appears...implicit under the rule."  *Edwards v. Velvac, Inc.*, 19 F.R.D. 504, 507 (E.D. Wis. 1956) (emphasis added).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See, e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988).

Plaintiff appears to assert that he is entitled to relief from the Order because of his own inadvertence, excusable neglect, mistake, and ignorance of "the 35 day time limit to file appeal and application for certificate of appealability."  (Doc. 38, Motion at 1:19-21).  However, "[n]either ignorance nor carelessness on the part of a litigant...will provide grounds" for setting aside a judgment or order on the basis of mistake or inadvertence.  *Bershad v. McDonough*, 469 F.2d 1333, 1337 (7th Cir. 1972).  A motion for relief from a final order cannot be granted for excusable neglect where the only act or omission asserted is Plaintiff's failure to file his notice of appeal

6

1   within thirty days of judgment as required by Fed. R. App. P.
2   4(a)(1)(A).  *Edwards*, 19 F.R.D. at 507.  Plaintiff has provided
3   no basis for relief under Fed. R. Civ. P. 60(b)(1).
4       Alternatively, Plaintiff appears to assert that the Court
5   mistakenly failed to recognize the triable issues of fact
6   presented in his First Amended Complaint and his response to
7   Defendants' motion for summary judgment.  (Doc. 38, Motion at
8   2:6-7).  However, his First Amended Complaint and his response to
9   summary judgment were both thoroughly considered by the Court in
10  granting and entering Defendants' motion for summary judgment.
11  (See Doc. 36, Order).  A motion for relief from judgment "is not
12  a vehicle to reargue a motion or to present evidence which should
13  have been raised before." *Bermingham v. Sony Corp. of Am.*, 820
14  F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3rd Cir.
15  1994).  A party seeking relief "must show more than a
16  disagreement with the Court's decision....  [R]ecapitulation of
17  the cases and arguments considered by the Court before rendering
18  its original decision fails to carry the moving party's burden."
19  *Id.*  Plaintiff's Motion merely asserts the same substantive facts
20  as were earlier presented.  It fails to sufficiently establish
21  any mistake of law made by the Court or any new facts.
22  Plaintiff's showing is completely inadequate.
23      To the extent Plaintiff moves for relief from the summary
24  judgment Order pursuant to Fed. R. Civ. P. 60(b)(1), his Motion
25  is **DENIED**.
26  *//*
27  *//*
28  *//*

7

# V. CONCLUSION

For the reasons set forth above:

1. Plaintiff's Motion for leave to file a late appeal pursuant to Fed. R. App. P. 4(a)(6) is **DENIED**;

2. Plaintiff's Motion for relief from the summary judgment Order pursuant to Fed. R. Civ. P. 60(b)(1) is **DENIED**.

**SO ORDERED.**
**Dated: August 1, 2005**

/s/ OLIVER W. WANGER

_____
Oliver W. Wanger
**UNITED STATES DISTRICT JUDGE**